| | |
|---|---|
| 1 | C. Brandon Wisoff (State Bar No. 121930) |
|   |     bwisoff@fbm.com |
| 2 | Thomas B. Mayhew (State Bar No. 183539) |
|   |     tmayhew@fbm.com |
| 3 | Alexander M. Porcaro (State Bar No. 281185) |
|   |     aporcaro@fbm.com |
| 4 | FARELLA BRAUN + MARTEL LLP |
|   | 235 Montgomery Street, 17th Floor |
| 5 | San Francisco, CA  94104 |
|   | Telephone:    (415) 954-4400 |
| 6 | Facsimile:     (415) 954-4480 |
| 7 | Attorneys for Defendant |
|   | ELECTROLUX HOME PRODUCTS, INC. |
| 8 | |

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| ROBERT BOVERO, | Case No. 2:13-cv-00087-WBS-AC |
|---|---|
| Plaintiff, | **JOINT STIPULATION AND [PROPOSED] ORDER TRANSFERRING ACTION TO THE DISTRICT OF NEW JERSEY PURSUANT TO THE FIRST-TO-FILE RULE AND 28 U.S.C. § 1404(a)** |
| v. | |
| ELECTROLUX HOME PRODUCTS INCORPORATED, | |
| Defendant. | |

Plaintiff Robert Bovero ("Plaintiff") and Defendant Electrolux Home Products, Inc. ("Defendant") (collectively "Parties"), by and through counsel, hereby stipulate that the Court may, and request that it do, (1) transfer this putative class action to the District of New Jersey for coordinated or consolidated proceedings with two related putative class actions pending there, and (2) extend the time for Defendant's response until after Plaintiff files an anticipated Second Amended Complaint that takes into account the District of New Jersey's ruling on motions to dismiss in the two related actions.

As support and background for this Stipulation, the Parties agree as follows:

1. On June 1, 2012, <u>Mariusz Kuzian v. Electrolux Home Products, Inc.</u>, Case No. 1:12-cv-03341-NLH-AMD, (the "Kuzian Action") was filed in the United States District Court for the District of New Jersey, and an amended complaint was filed on June 14, 2012.  The Kuzian

STIPULATION AND [PROPOSED] ORDER
TRANSFERRING ACTION TO D.N.J.                - 1 -
Case No. 2:13-cv-00087-WBS-AC

28594\3610474.1

Action, asserting claims under New Jersey law, prays for certification of a nationwide class of purchasers of certain of Defendant's refrigerator products alleging defects in the ice makers contained in those products.

2. On May 14, 2012, <u>Christopher Lopiccolo v. Electrolux Home Products, Inc.</u>, Case No. 2:12-cv-02397-ADS-ARL, (the "Lopiccolo Action") was filed in the United States District Court for the Eastern District of New York. The Lopiccolo Action, alleging claims under New York law, prays for certification of a nationwide class of purchasers of certain of Defendant's refrigerator products alleging defects in the ice makers contained in those products.

3. On June 27, 2012, the Lopicollo Action was transferred from the Eastern District of New York to the District of New Jersey pursuant to a Joint Stipulation and Consent Order dated June 22, 2012.

4. On July 11, 2012, the Honorable Noel L. Hillman of the District of New Jersey entered an order consolidating the Kuzian and Lopicollo Actions for the purposes of discovery and case management and ordering that the consolidated action proceed under the case number for the Kuzian Action, Case No. 1:12-cv-03341-NLH-AMD.

5. On September 25, 2012, the plaintiffs in the Lopicollo Action filed an amended complaint to add the claims of a new putative class representative, Irma Lederer, and then dismissed the claims of the prior putative class representative, Christopher LoPiccolo. This amended action (the "Lederer Action"), alleging claims under New York law, prays for certification of a New York class of purchasers of certain of Defendant's refrigerator products alleging defects in the ice makers contained in those products.

6. On January 14, 2013, <u>Robert Bovero v. Electrolux Home Products, Inc.</u>, Case No. 2:13-cv-00087-WBS-AC, (the "Bovero Action" or "this action") was filed in this Court, and a First Amended Complaint was filed on February 28, 2013. This action, alleging claims under California law, prays for certification of a California class of purchasers of certain of Defendant's refrigerator products alleging defects in the ice makers contained in those products.

7.  On February 26, 2013, pursuant to the Parties' joint stipulation, this Court entered an order extending the time for Defendant to respond to the First Amended Complaint to March 29, 2013.

8.  On March 28, 2013, Judge Hillman entered rulings denying Defendant's motion to dismiss the Kuzian Action and granting in part and denying in part Defendant's motion to dismiss the Lederer Action.

9.  The Parties agree that the Kuzian and Lederer Actions were filed before the Bovero Action, and that the various actions are expected to involve overlapping or substantially similar factual and legal issues.

10. The parties further agree that the Bovero Action might have been brought in the District of New Jersey and that transferring this action to that court would promote the convenience of the parties, the convenience of the witnesses, and the interests of justice.

11. Defendant's primary place of business, where many of its witnesses and documents would be located, is in Charlotte, North Carolina, which is closer to the District of New Jersey than to this Court.

12. According to official Federal Court Management statistics for September 2012, found at http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/district-courts-september-2012.aspx, the average judge in the District of New Jersey had an active caseload of 466 pending cases, compared to 1,427 pending cases per judge in this District.

13. Plaintiff herein intends to file a Second Amended Complaint whether or not this action is transferred.

14. Plaintiff agrees that Defendant need not respond to the First Amended Complaint until after Plaintiff files his Second Amended Complaint;

///
///
///
///
///

ACCORDINGLY, THE PARTIES HEREBY AGREE AND STIPULATE THAT:

1. Pursuant to the first-to-file rule and 28 U.S.C. § 1404(a), the Parties jointly request transfer of this action to the District of New Jersey for coordinated or consolidated proceedings with the Kuzian and Lederer Actions pending there; and

2. Defendant need not respond to Plaintiff's First Amended Complaint until after Plaintiff files his Second Amended Complaint

.

IT IS SO STIPULATED.

Dated: March 29, 2013     FARELLA BRAUN + MARTEL LLP

By: /s/ C. Brandon Wisoff
    C. Brandon Wisoff

Attorneys for Defendant
ELECTROLUX HOME PRODUCTS INC.

Dated: March 29, 2013     EPPSTEINER & FIORICA ATTORNEYS, LLP

By: /s/ Stuart M. Eppsteiner
    Stuart M. Eppsteiner
    (as authorized on March 29, 2013)

Attorneys for Plaintiff ROBERT BOVERO, on behalf of himself and those similarly situated

## ORDER

Based on the foregoing stipulation and for good cause shown,

IT IS HEREBY ORDERED that:

1. Defendant need not respond to the First Amended Complaint in light of Plaintiff's intention to file a Second Amended Complaint;

2. The court finds that under the first-to-file rule and 28 U.S.C. 1404(a), it would be in the interests of the parties, witnesses, and justice to transfer the action to the United States District Court for the District of New Jersey so that the parties may seek coordination/consolidation with the related cases <u>Mariusz Kuzian v. Electrolux Home Products, Inc.</u>, Case No. 1:12-cv-03341-NLH-AMD, and <u>Irma Lederer v. Electrolux Home Products, Inc.</u>, Case No.: 1:12-cv-03930 (NLH-AMD); and

3. This action is hereby transferred to the United States District Court for the District of New Jersey.

IT IS SO ORDERED.

Dated: March 29, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

STIPULATION AND [PROPOSED] ORDER
TRANSFERRING ACTION TO D.N.J.          - 5 -
Case No. 2:13-cv-00087-WBS-AC

28594\3610474.1